**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine R. Walker,<br><br>  Plaintiff,<br><br>v.<br><br>Showcase Automotive LLC, et al.,<br><br>  Defendants. | No. CV-18-0949-PHX-DMF<br><br><br>**ORDER** |

Plaintiff Lorraine R. Walker filed a *pro se* amended complaint alleging violations stemming from her car lease (the "Lease") with Defendants. (Doc. 14) Defendants answered and then moved to dismiss and compel arbitration. (Docs. 29, 31) Defendants' motion is fully briefed and the Court has jurisdiction pursuant to the parties' consent to Magistrate Judge jurisdiction, 28 U.S.C. § 636(c). (Docs. 39, 41, 43)

Walker signed the Lease with Defendants that included an "Arbitration Agreement" which states "You or we may choose to have any dispute between us decided by arbitration and not by a court or by jury trial. . . . If you or we choose to arbitrate a claim or dispute, you and we agree that no trial by jury or other judicial proceeding take place." (Doc. 14 at 1-5, 19, 20)

Defendants argue that this Arbitration Agreement applies here and is enforceable. (Doc. 31) Walker argues that she was fraudulently induced to enter into the Lease and that the Lease is unconscionable and, therefore, the Arbitration Agreement does not apply

to her claims. (Doc. 41) Defendants reply that her fraudulent inducement argument should be heard by the arbitrator in the first instance, the Arbitration Agreement is not unconscionable, the cost of arbitration will not be prohibitive, and that Walker is not entitled to Court-supervised arbitration. (Doc. 43)

The Court agrees with Defendants. Walker's fraudulent inducement argument is about the leasing contract as a whole, not the arbitration clause in particular. Moreover, the Arbitration Agreement contained an opt-out clause. (Doc. 14 at 20; Doc. 43 at 5) In these circumstances, binding precedent dictates that Walker's argument be evaluated by the arbitrator. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010).

Walker's unconscionability arguments are not persuasive and the Court specifically notes that Walker did not "make a specific, individualized showing as to why he or she would be financially unable to bear the costs of arbitration." *Clark v. Renaissance West, LLC*, 307 P.3d 77, 80 (Ariz. App., 2013).

Finally, the Court notes that Walker points to no language in the Arbitration Agreement that would support Court-supervised arbitration.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss Complaint and Compel Arbitration. (Doc. 43) The Clerk of the Court shall enter judgment accordingly.

Dated this 28th day of August, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge